**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MUHAMMAD RASHID AHMED, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-mc-0417 |
| | § | |
| MICHAEL CHERTOFF, ET AL, | § | |
| *Defendants*. | § | |

### MEMORANDUM AND ORDER

Before the court is the defendants' motion to remand this action to the United States Citizenship and Immigration Services (USCIS).[1]  For the following reasons, the motion to remand is GRANTED, with instructions.

Plaintiff Muhammad Rashid Ahmed is a legal permanent resident of the United States. Ahmed is seeking to become a naturalized citizen and to that end filed an application for naturalization on March 15, 2004.  The USCIS interviewed Ahmed on July 26, 2004, triggering a statutorily prescribed 120-day period for the USCIS to complete the naturalization process.  *See* 8 U.S.C. § 1447(b); *see also El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 683 (W.D. Pa. 2005) (interview date triggers statutory period); *Khan v. Chertoff*, 2006 WL 2009055, at *1-*2 (D. Ariz. 2006) (listing decisions to the same effect).  Ahmed's application remained pending for over two years while the USCIS waited for a required name check to be performed by the Federal Bureau of Investigation (FBI).  Ahmed therefore brings this action pursuant to 8 U.S.C. § 1447(b). This statute provides:

> If there is a failure to make a determination [for naturalization] under section 1146
> of this title before the end of the 120-day period after the date on which the

---

[1]      Dkt. 3.

examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

The issue of delayed naturalization under section 1447 has been treated in numerous opinions in the last several years.  Rather than repeat the analysis of those opinions, the court will simply note them, and adopt the approach of "remand[ing] the matter, with appropriate instruction, to the" USCIS.  *See, e.g., Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 842-43 (E.D. Mich. 2006); *Khan v. Chertoff*, 2006 WL 2009055, at *2 (D. Ariz. 2006); *Al-Kudsi v. Gonzales*, 2006 WL 752556, at *3 (D. Or. 2006); *Castracani v. Chertoff*, 377 F. Supp. 2d 71, 75 (D.D.C. 2005); *see also Immigration & Naturalization Serv. v. Ventura*, 537 U.S. 12, 16 (2002) ("Generally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

Accordingly, defendant Robert Mueller is instructed to direct the FBI to complete a name check on the application of Muhammad Rashid Ahmed within 120-days of the date of this order and deliver it to the Houston District Office of the USCIS, which will in turn make a prompt determination on Ahmed's application.  This case will be administratively closed, but should further court review prove necessary, Ahmed may reinstate this action.

Signed at Houston, Texas on December 15, 2006.

_____
Gray H. Miller
United States District Judge

2